UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES DABNEY,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:18-cv-621

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner in state custody at the Chillicothe Correctional Institution pursuant to Hamilton County, Ohio convictions,[1] initiated this habeas corpus action on September 6, 2018. (*See* Doc. 1). However, to date, petitioner has failed to file a habeas corpus petition.

On February 5, 2019, the undersigned issued its third Order requiring that petitioner submit a completed and signed petition for habeas corpus, specifying the conviction and sentence he wishes to challenge, his grounds for relief, and the specific relief sought **within twenty-one (21) days**. (*See* Doc. 9, 12, 14). Petitioner was advised that no further extensions of time will be granted and his failure to comply with the Order "will result in the dismissal of this action for want of prosecution." (Doc. 14 at PageID 64).

To date, more than twenty-one days after the Court's February 5, 2019 Order, petitioner has failed to comply with the Order of the Court.[2]

---

[1] The Ohio Department of Rehabilitation & Correction offender details page indicates that petitioner is currently serving sentences for two counts of telecommunications fraud and one count each of money laundering and theft. Viewed at https://appgateway.drc.ohio.gov/OffenderSearch.

[2] Petitioner has instead filed a "Verified Motion for Immediate Release from Illegal Custody Pursuant 28 U.S.C. § 2241(a)(c)(3) and 2243 Are Independent Vehicles for Relief of Federal Constitutional Claims (Hearing Required), [*sic*]" which has been docketed as objections to the Court's February 5, 2019 Order. (Doc. 15). It appears that petitioner seeks to proceed under § 2241 in an effort to bypass § 2254's exhaustion requirement, noting that "[p]etitioner dose not wish to proceed under 2254 for he has multiple conviction and sentence issues pending in the State Court's such as Appeals that has not been finalized he wish to exult all his State remedies. [*sic*]" (Doc. 15 at PageID 16). As stated in the Court's prior Order, petitioner may not bypass the ADEPA's requirements by bringing this action under § 2241. (*See* Doc. 14 at PageID 63-64).

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).   Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding.   *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, because petitioner has failed to comply with the Orders issued on December 13, 2018, January 10, 2019, and February 5, 2019 (Docs. 9, 12, 14), this action should be **DISMISSED** for lack of prosecution.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

  *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES DABNEY,<br>    Petitioner, | Case No. 1:18-cv-621 |
| | Black, J. |
| vs. | Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).