# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES DABNEY, | Case No. 1:18-cv-621 |
| Petitioner, | Judge Timothy S. Black |
| vs. | Magistrate Judge Stephanie K. Bowman |
| WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION, | |
| Respondent. | |

# DECISION AND ENTRY
# ADOPTING THE REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 16) AND
# TERMINATING THIS CASE IN THIS COURT

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on March 5, 2019, submitted a Report and Recommendation. (Doc. 16). Petitioner James Dabney filed an objection on March 21, 2019 and a supplemental objection, fixing formatting errors, on March 25, 2019. ("Objections") (Docs. 17, 18).

The Objections are not well-taken. The Report and Recommendation states that this matter should be dismissed for lack of prosecution because Petitioner has failed to comply with the Magistrate Judge's orders issued on December 13, 2018, January 10, 2019, and February 5, 2019. (Docs. 9, 12, 14). Those orders required that Petitioner submit a completed and signed petition for habeas corpus, specifying the conviction and sentence he wishes to challenge, his grounds for relief, and the specific relief sought within twenty-one (21) days. Petitioner did not comply with those orders.

Petitioner's Objections request that Petitioner "be granted the [opportunity] and the fundamental Constitutional Right to Procedural Due Process pursuant to § 2241(a), (c)(3) and 2243, to have his independent vehicle for relief be properly reviewed by this Honorable Court pursuant to its broad power of the federal courts under § 2243 to summarily hear and determine the facts, and dispose of the matter as law and justice require." (Doc. 18 at 9). However, the Magistrate Judge already correctly analyzed this argument in the Report and Recommendation:

> It appears that petitioner seeks to proceed under § 2241 in an effort to bypass § 2254's exhaustion requirement, noting that "[p]etitioner dose not wish to proceed under 2254 for he has multiple conviction and sentence issues pending in the State Court's such as Appeals that has not been finalized he wish to exult all his State remedies. [sic]" (Doc. 15 at PageID 16). As stated in the Court's prior Order, petitioner may not bypass the ADEPA's requirements by bringing this action under § 2241. (See Doc. 14 at PageID 63-64).

(Doc. 16 at 1 n.2).

Accordingly, the Court finds that the Report and Recommendation has already addressed Petitioner's Objections and those Objections are overruled.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendation (Doc. 16) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above, this case is **DISMISSED** for lack of prosecution. The Clerk shall enter judgment accordingly, whereupon this case is terminated in this Court.

**IT IS SO ORDERED.**

Date: 4/26/19

Timothy S. Black
United States District Judge